IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| LAROSS L. BAXTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-5021-CV-SW-ODS |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER AND OPINION AFFIRMING
## COMMISSIONER'S FINAL DECISION DENYING BENEFITS

Pending is Plaintiff's appeal of the Commissioner of Social Security's final decision denying his application for disability and supplemental security income benefits. The Commissioner's decision is affirmed.

## I. BACKGROUND

This case has a long history. As Plaintiff's primary argument is procedural in nature, the history must be summarized.

Plaintiff filed his application for disability benefits in February 2001. In May, Plaintiff was referred for a consultative examination performed by Dr. Chi-His Lin, who issued a report that was included in the Record. In November 2002, the ALJ determined Plaintiff could not perform his past work but retained the capacity to perform sedentary work subject to certain non-exertional limitations. Based on testimony from a vocational expert ("VE"), the ALJ then identified certain jobs Plaintiff could perform.

This first ALJ decision was remanded by the Appeals Council in March 2003 because the jobs the ALJ identified were (1) light or medium and not sedentary and (2) beyond Plaintiff's skill level. The ALJ was directed to obtain updated information from treating physicians "[a]s appropriate" and was further directed that "[i]f the additional

evidence does not clearly depict the claimant's limitations, the [ALJ] will obtain a consultative internal medicine examination, including a medical source statement about what the claimant can do despite the impairment(s)." R. at 247.

In December 2003 Plaintiff filed a subsequent application for benefits. The two applications were combined into a single proceeding. In April 2004, the ALJ arranged for Dr. D.F. Engelking to examine Plaintiff. Another hearing was held, and the ALJ issued his second decision, which again denied benefits. The Appeals Council affirmed this decision.

This led to the first suit seeking judicial review: No. 07-5011-CV-SW-ODS. The undersigned reversed the denial of benefits and remanded for further proceedings. The Court noted that the ALJ's second decision determined Plaintiff could perform light work, and held this was not supported by substantial evidence in the Record as a whole. In particular, the Court noted that the ALJ's first decision found Plaintiff was limited to sedentary work, no evidence bearing on his condition during that time period was presented thereafter, and there was no evidence that Plaintiff's condition had improved. Thus, the Record did not justify the second decision's finding that Plaintiff was less limited than was described in the first decision.

In September 2009, the ALJ issued a third decision denying Plaintiff's claims for benefits. The Appeals Council remanded the case again, resulting in a new decision issued in March 2012. The Appeals Council declined to assume jurisdiction, so the ALJ's March 2012 decision is the Commissioner's final decision.

## II. DISCUSSION

### A.

Plaintiff's first argument contends the Commissioner's final decision is legally infirm because it relies in part on medical evidence submitted before the first ALJ decision (primarily the report from Dr. Lin). The Court disagrees.

To clarify: Plaintiff's argument is not about the weight to be assigned to various pieces of evidence, and it is not a challenge about the sufficiency of the evidence.

Plaintiff's argument does not contend that the weight of the evidence dictates a different outcome. Instead, Plaintiff contends the very act of eliciting an opinion from Dr. Engelking meant that, as a matter of law, all evidence previously admitted – including particularly Dr. Lin's – could not be relied upon. Plaintiff points to the Appeals Council's statement in its March 2003 decision that "[i]f the additional evidence does not clearly depict the claimant's limitations, the [ALJ] will obtain a consultative internal medicine examination, including a medical source statement about what the claimant can do despite the impairment(s)." R. at 247. Plaintiff then reasons: the ALJ's act of arranging for Dr. Engelking's examination means the ALJ *must have* concluded the evidence submitted before that date did not clearly depict the claimant's limitations – so none of the prior evidence could form the basis for any subsequent decisions.

There are numerous flaws in this argument. The Appeals Council did not say the ALJ could obtain a consultative internal examination *only* if the medical evidence did not clearly depict the claimant's limitations. The directive described a circumstance in which the ALJ was required to augment the Record, but did not purport to describe (or eliminate) the only circumstance in which the ALJ might elect to do so. There are numerous other reasons why the ALJ might have deemed it necessary to seek Dr. Engelking's opinion, the most obvious of which is that the scope of Plaintiff's claim had expanded with the addition of his new claim filed after the Appeals Council's decision. Regardless of the reason, the ALJ was empowered to augment the Record even without the Appeals Council's directive, and doing so did not render all of the other evidence in the Record a nullity.

Second, no decisionmaker has ruled there was any legal infirmity in any of the medical evidence at issue. To the extent Plaintiff relies upon the "law of the case" doctrine for support, the absence of a ruling explicitly holding that Dr. Lin's opinion could not be considered is fatal.

Third (and relatedly) the Appeals Counsel's March 2003 decision does not suggest that all prior medical evidence should be disregarded if a consultative internal examination was elicited. Such a command violates the well-established concept that a decision should be based on the Record as a whole.

B.

As noted in Part I, the March 2012 ALJ opinion stands as the Commissioner's final decision. In that opinion, the ALJ found Plaintiff could perform a limited range of sedentary work "in that he is able to stand or walk up to 30 minutes at any one time without the use of a cane for a total of two hours per day. After 30 minutes walking or standing, if he continued to walk or stand he would require a cane . . . ." Using a cane would not limit Plaintiff's ability to "carry up to 10 pounds in a bag or some similar item, and it would not limit his ability to carry weight in the unencumbered hand." Plaintiff could sit for thirty minutes at a time before needing the opportunity to stand for two to five minutes. The ALJ's finding does not include a daily limitation on Plaintiff's ability to sit. The ALJ also found other nonexertional limitations that need not be detailed here. R. at 390.

In challenging the ALJ's residual functional capacity ("RFC") finding, Plaintiff reiterates his argument that the ALJ was obligated to disregard testimony from Dr. Lin. For the reasons stated in Part II.A, this argument is rejected.

Plaintiff next insinuates that the fourth ALJ opinion found Plaintiff's RFC was less restrictive than was originally found in the first ALJ opinion in November 2002. The Record reveals the opposite: the original decision found Plaintiff could perform sedentary work subject to certain non-exertional limitations; it did not include any limitations related to the use of a cane or the need for a sit/stand option after thirty minutes of sitting. R. at 238.

Finally, Plaintiff correctly argues the RFC must be based on a realistic assessment of the claimant's abilities. However, Plaintiff does not identify any evidence that compels a different result. Plaintiff does not present an argument marshaling the evidence and suggesting that the RFC finding was not supported by substantial evidence in the Record as a whole; instead, he argues certain evidence was unworthy of consideration on that issue. This argument has been rejected.

## III.  CONCLUSION

It has taken far too long to reach a final decision in this matter.  This is unfortunate, to say the least.  However, Plaintiff presents no argument suggesting the Commissioner's final decision is not supported by substantial evidence in the Record as a whole, and the legal arguments presented are rejected.  The Commissioner's final decision is affirmed.

IT IS SO ORDERED.

                                    /s/ Ortrie D. Smith
                                    ORTRIE D. SMITH, SENIOR JUDGE
DATE: May 9, 2014           UNITED STATES DISTRICT COURT